**ROBSON v FAUVER et**

Ohio Appeals, 9th Dist, Lorain Co

No 853. Decided Dec 7, 1937

Stetson & Butler, Elyria, for appellee.
Leonard Smith, Elyria, for appellants.

**256**

## OPINION

By STEVENS, PJ.

The original action herein, filed by Clara P. Robson, was one to marshal liens and partition real estate—in which action the petition was filed in the Court of Common Pleas on January 26, 1937, and the answer and cross-petition of the Western Reserve Finance Co. was filed on February 11, 1937.

On February 26, 1937, which was subsequent to the filing of the action to marshal liens and partition real estate, the appellants herein, James R. Fauver, Frank R. Fauver and Grace F. Loughry, obtained judgments in a justice of the peace court against Ross Fauver; and on February 27, 1937, they duly filed their certificates of judgment in the Court of Common Pleas of Lorain County, and caused execution to be issued and a levy made upon the premises described in said original petition.

The judgment upon which The Western Reserve Finance Co. filed its answer and cross-petition was recovered by it on the 31st day of August, 1931, in the Court of Common Pleas of Lorain County, and execution upon said judgment was issued upon October 30, 1931, and a levy made upon the land described in the petition in said partition case; that levy being made upon December 9, 1931.

No further proceedings being had upon said judgment of the Western Reserve Finance Co., the same became dormant in 1936; but on January 28, 1937, proceedings were instituted by The Western Reserve Finance Co., seeking the revival of its dormant judgment, and a conditional order of revivor was made by the Common Pleas Court on or about February 1, 1937, and an order of revivor on February 11, 1937. No execution was issued upon the revived judgment, nor was a certificate of judgment filed thereon after the making of the conditional order of revivor.

The sole question presented for our determination is one of the priority of liens, the appellants contending that their liens are prior to the lien of The Western Reserve Finance Co. by reason of its failure to comply with the provisions of §§11663, 11656, and 11656-1, GC, as amended, which became effective on August 30, 1935. It will be seen that the case presents the question as to whether or not an execution must be issued and levied, or a certificate of judgment filed, subsequent to the revivor of a judgment which was obtained, and upon which execution was levied, prior to the effective date of §§11663, 11656, and 11656-1, GC, in order to effect a lien upon the real estate sought to be impressed therewith.

Sec 11647, GC, providing for the procedure for the revivor of judgments, states in part as follows:

"The lien of the judgment for the amount due shall be revived and operate from the time of the entry of the conditional order or the filing of the petition."

It is thus apparent that unless said section of the statutes is repealed by implication through the enactment of the later section, to which reference is hereinabove made, the lien of the revived judgment would be prior to the lien of the judgments procured by the appellants herein.

It is a general proposition of law that repeals by implication are not favored, and that, before a statute may properly be held to be so repealed, the repugnancy between said statute and the one with which it is claimed to conflict must be necessary and obvious; and the duty is enjoined upon the courts not to declare statutes repealed by implication unless said statutes cannot be reconciled by any of the recognized principles of interpretation.

There being no express repeal of §11647, GC, by the later enacted sections, and the duty of the court being clearly to reconcile said section if such result may be accomplished by application of any of the recognized principles of interpretation, we hold that there is no such conflict between the statutes in question as would justify this court in holding §11647, GC, to be repealed by implication.

Having reached this conclusion, it necessarily follows that the lien of the Western Reserve Finance Co. is prior to the lien of the appellants herein, and that the trial court did not err in determining the priorities of said liens.

The judgment of the trial court is affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.