### BELL v LERTZMAN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10461. Decided January 20, 1930

Mr. A. W. Bell, Esq., Cleveland, for Bell.
Mr. Thomas M. Kennedy, Jr., Cleveland, for Lertzman et.

VICKERY, P. J.

Considerable learning has been expended and much industry shown by counsel

for the plaintiff, who is himself, and we sympathize with him that he is not able to collect a fee which he probably earned in the first place, but which he surely earned in his efforts to collect the same, but unfortunately none of the cases that he cites are in point. We at once concede that where a contract has been entered into which will result in the earning of money in the future, even though not yet due, it has a potential existence so that it is subject to attachment, and that is as far as any of his cases go. Undoubtedly if in this case, the tenancy having started July first, the rent was not to be paid until the end of July, an attachment during the month of July would reach that money. But that is not the situation here. Each tenant was a tenant from month to month and they owed no money on July 27th, and the tenancy might have terminated, either by the action of the landlord or by their own voluntary action on August first by simply vacating the property, and the only contract that there was, was the contract for the current month after the tenancy had started for that month.

Now before the new contract of tenancy began on August first the ownership of this property had changed for all practical purposes. It was no longer in the hands of Lertzman but in the hands of the court through its receiver, and the receiver was directed and ordered to collect these rents; and so whatever the answer might have been of these garnisheed tenants, the fact remained that Lertzman had no interest in this money and could not himself collect it and the attaching creditor could get no better right that the debtor might have had, and the debtor having no right, the attaching creditor surely could not get one; and under the order of the Court of Common Pleas the debtor, the defendant in this action, had no right to this money and, therefore, no matter what the tenants answered, they could not take away the money that was in the possession of the officer of the court, whose duty it was to collect it.

Therefore, we can see no error in the judgment of the court below and the judgment will be affirmed.

Levine, J., concurs. Sullivan, J., not participating.