## SIMMONS REAL ESTATE CO v REISTENBERG

Ohio Appeals, 1st Dist, Hamilton Co

No 4705.   Decided Feb 11, 1935

Phineas S. Phillips, Cincinnati, and Nathan Solinger, Cincinnati, for plaintiff in error.

Wm. J. Reilly, Cincinnati, for defendant in error

## OPINION

By MATTHEWS, J.

No bill of exceptions was filed.   Among the papers is a document entitled "Agreed Statement of Fact," and bearing the caption and number of the case.   It is not stamped with the file mark of the clerk and the certified copy of the docket entries contains no reference to a filing of it.   The only reference to it is the recital in the journal discharging the garnishees that the cause came on to be heard "upon the agreed statement of fact entered into between plaintiff and The Central Trust Company." The plaintiff and The Central Trust Company appear to have signed this agreement, and the court in the entry discharging the garnishees found that they owed The Central Trust Company and not the defendant, but The Central Trust Company was not made a party to the proceeding by journal entry, nor did it enter its appearance, and counsel who signed its name to the agreement expressly disclaimed any intention to enter its appearance.

The first question that presents itself is, whether this court is permitted to consider this "Agreed Statement of Fact" in passing upon the validity of the order discharging the garnishees. It seems to us the answer is supplied by the case of **Goyert v Eichler, 70 Oh St, 30.** In that case an agreed statement of facts, signed by counsel, had been filed in the trial court. The journal entry of the order from which error was prosecuted recited that: "This cause came on to be heard * * * and on submission of the agreed statement of facts * * * the court doth find." There were present, therefore, in that case all the elements, present in the case at bar, with the additional fortifying circumstances of the signatures of counsel for all the parties, which is absent here, and the further circumstance, perhaps, of the filing stamp of the clerk on the agreed statement, which is also absent in the instant case. Yet the court held that the agreed statement could not be considered by the reviewing court. We quote the syllabus of that case:

"An agreed statement of facts, although in writing signed by counsel of all parties and filed, does not become a part of the record unless brought upon the record by a bill of exceptions, or the facts as agreed upon are stated in the journal entry as the court's finding of facts."

At pages 33 and 34, the court says:
"The rule in this state ought by this time not to be the subject of doubt. We understand it to be that in order to enable a party, in a case tried upon testimony, or upon an agreed statement of facts, to avail himself of a review on error, the facts, all of them, should be found by the court and incorporated in the record, or brought into the record by a bill of exceptions. §5300, Revised Statutes, provides that when the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exceptions may be taken by the party causing it to be noted at the end of the entry that he excepts. But (§5301 R. S.) when the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his exceptions to writing, etc. In other words, in the latter case he must present a bill of exceptions. There is no provision of statute constituting a paper called an agreed statement of facts a part of the record, nor can such paper be regarded as part of the record for review on error simply because the same is filed in the case. The filing does not bring it into the record any more than the filing of a deposition or of the court's charge to the jury makes either a part of the record."

See also: **Lighting Co. v Village of Upper Sandusky, 93 Oh St, 428, at pages 435, 436.**
Our conclusion is, that the agreed statement of facts cannot be considered as a part of the record and that, therefore, there is nothing in the record by which to test the correctness of the trial court's ruling upon the facts, and the ruling of the court, for that reason, must be affirmed.

It should be stated, however, that were we permitted to use the agreed statement of facts for that purpose, our decision would be the same. We shall examine it to demonstrate this.

The purpose of the proceeding was to subject assets to the payment of a judgment that could not be reached by a writ of execution.

There are two methods provided by the law of Ohio whereby a judgment creditor can reach such assets of the judgment creditor.

Sec 11760 GC provides for a plenary action similar to what was called a creditor's bill under equity practice prior to the Code.

Sec 11772 GC provides for a summary proceeding in which a debtor of the judgment debtor may be examined concerning property, money, or credits in his hands or under his control. If in such summary proceeding the examination discloses that the debtor has property of the judgment debtor or owes the judgment debtor, the judge may order any such property to be applied toward the satisfaction of the judgment. The proceeding before the court is of the latter character.

The courts have in various cases considered the distinction between these two proceedings, and under what circumstances a court is justified in making an order directing payment in the summary proceeding provided by §11772, GC. Discussing the distinction between the two proceedings, the court in the case of **Welch v Pittsburgh, Ft. Wayne & Chicago R. R. Co., 11 Oh St, 569, at 573,** says with reference to the summary proceeding:

"His inquiry, under §464 GC, is exceedingly simple. He must be satisfied that the property is the property of the judgment debtor. If there be any claim to the contrary, proper for litigation, the summary remedy by an order and proceeding for

contempt, should not be adopted; but the party should be left to his action, or placed in a position to assert his right through a receiver."

In the case of **White v Gates, 42 Oh St, 109 at page 112,** the Supreme Court says on this same subject:

"And the claim of Mrs. White, that the money was a valid gift from her husband, was one which she was entitled to have tried, in regular form, by a court of equity, clothed with authority to hear and determine as to the rights of the respective parties, and to enforce the decree in the manner usual in such courts."

The proceeding is under §11772, GC. It is summary in its nature. No formal issues are contemplated, and it is only when it appears uncontrovertibly that the garnishee has property of or owes the judgment debtor, that the court is empowered to order its delivery or payment to the judgment creditor. Does the statement of facts show that situation?

The record shows that the proceeding immediately developed into a controversy between the judgment creditor and The Central Trust Company as to which was entitled to rent due and to become due from the garnishees. The Central Trust Company, as trustee, was the owner in fee of the Brookline Apartment Building, the judgment debtor was its lessee, who was in default in payment of rent in a large amount, and the garnishees were sub-lessees. Before the notice of garnishment had been served, the judgment debtor had appointed The Central Trust Company his agent to manage the property, collect the rents due and to become due, and apply the net amount "as collected on account of rents now due and owing, and hereafter to accrue to itself, said The Central Trust Company, as lessor in said lease." And also before the garnishment notice was served, the judgment debtor had notified the garnishees that all rents should be paid to The Central Trust Company. Should the court in a summary proceeding of this sort order the garnishees to pay to the judgment creditor? It seems to us that it should not. Such an order and compliance therewith would furnish no protection to the garnishees against the adverse claim of The Central Trust Company. In this situation, the judgment creditor should have recourse to the plenary action provided by §11760, GC, to which all claimants could and should be made parties, and in which issues would be made by appropriate pleadings and a judgment rendered that would protect all parties. It is true that in this case, counsel for the judgment debtor is also counsel for The Central Trust Company, and that he represents the judgment debtor primarily for the purpose of protecting The Central Trust Company. But the Central Trust Company was not made a party to the proceeding, and it could be bound by the order of the court only on some equitable principle, much less conclusive than the judgment of a court upon the parties of record. We think the garnishees were entitled to the latter protection. That the claim of The Central Trust Company is not merely fanciful seems quite clear. It was the lessor, with right to re-entry because of an existing default. The garnishees' possession could be terminated by re-entry. The judgment debtor, as lessee, constituted the lessor his agent to collect the rent from the sub-tenants, with authority ot apply the net proceeds on the debt due it from the lessee. We do not think this presents a situation analogous to a chattel mortgagee in a mortgage covering after-acquired property, possession of which had not been taken by the mortgagee, as exemplified by **Francisco et v Ryan, 54 Oh St, 307.** It seems to us the situation is more nearly analogous to an assignment of wages to be earned under an existing contract of employment. Such wages have a potential existence and may be assigned. **Rodijkeit v Andrews, 74 Oh St, 104.**

The agency with authority to apply the money collected upon an existing debt, created a power coupled with an interest which was irrevocable. It operated to assign or transfer the title to the potential chose. 1 O. Jur., 655.

These considerations lead us to the conclusion that the judgment should be affirmed, which is accordingly done.

HAMILTON, PJ, and ROSS, J, concur.