BRUSMAN, APPELLANT, v. SUSANJAR ET AL.; PETZOLDT REALTY CO. ET AL., APPELLEES.

(No. 563—Decided March 12, 1960.)

*Mr. William H. Thornburgh,* for appellant.
*Mr. William M. Dixon,* for Petzoldt Realty Company and L. E. Davidson, appellees.

CRAWFORD, J. This is an appeal on questions of law from an order of the Court of Common Pleas upon proceedings in

aid of execution. The order recognized the priority of claims of the appellees for commissions ahead of plaintiff-appellant's judgment in the distribution of a fund or prospective fund in the hands of the garnishee.

We are not furnished with a bill of exceptions. However, the statement of facts in the brief of the appellant is accepted as correct by the appellees, and it is largely verified and supplemented in some minor details by the transcript of the docket and journal entries.

Appellant holds an unsatisfied judgment for $913.63 against defendants Steve and Virginia Susanjar. The latter sold certain real estate to Ray F. and Jenny S. Smith. The Smiths withheld from the purchase price the sum of $1,338.76 in order to protect their title against possible mechanics' liens, but executed their promissory note for a like amount, payable to the Susanjars and due in 60 days. The note was secured by mortgage which was pre-cancelled. Both the note and pre-cancelled mortgage were placed in the hands of J. Cameron Dungan, an attorney at law, who is the garnishee in the proceedings in aid of execution.

Simultaneously with the above transaction and as a part thereof, the Susanjars delivered to Dungan their "agreement" or "authorization" that upon payment of the note to him he should deliver the same, together with the pre-cancelled mortgage, to the Smiths, and, subject to any valid mechanics' liens, pay first out of the remaining proceeds the real estate commissions totaling $600, which the Susanjars acknowledged owing, one in the sum of $250 to appellee L. E. Davidson and the other in the sum of $350 to appellee Petzoldt Realty Company, and pay the balance to the Susanjars.

It was understood that any valid mechanics' liens would be entitled to first priority and payment. But apparently none has arisen.

The Court of Common Pleas held that Dungan was a trustee whose duty it was to apply the trust fund first in satisfaction of the real estate commissions and second to pay the balance due appellant as judgment creditor of the Susanjars.

The forms and procedures employed by appellant are those prescribed by Section 2333.13, Revised Code, entitled "Exami-

nation of debtor of judgment debtor,'' and related sections. The section cited, after providing for the service of the order, concludes, with emphasis added:

"From the time of its service, property, money, or credits in the hands, or under the control of the person or corporation so served, *belonging to the judgment debtor*, or due from him to such person or corporation, shall be bound, and he or it made liable to the judgment creditor therefor.'' (Any apparent confusion in the language following the portion italicized does not, affect the significance of the section for our present purposes. See 16 O. S. L. J., 17, at page 21.)

It is well settled that the judgment creditor can acquire no greater interest in the money, property or credits than the judgment debtor owns, but takes only derivatively through him. 22 Ohio Jurisprudence (2d), 239, Executions, Section 355; *Bell* v. *Lertzman*, 35 Ohio App., 59; *Simmons Real Estate Co.* v. *Riestenberg*, 51 Ohio App., 176.

Appellant's brief makes reference to Section 2333.01, Revised Code, which preserves the common-law remedy of a creditor's bill. However, even in cases where that particular remedy is invoked, the judgment creditor can still reach only such equitable interest as the judgment debtor has. This is obvious, not only from the wording of that statute, but also from the commentaries thereon. See 15 Ohio Jurisprudence (2d), 152, Creditor's Suits, Section 2, and 165, Creditor's Suits, Section 20 *et seq*.

In the present case, before the time of service of the order upon the garnishee, the debtors had by their act and agreement relinquished any right they previously had to the $600 except to have it used in payment of their indebtedness to appellees.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.