OLIVE BRANCH HOLDINGS, L.L.C., Appellee;  Haney, Appellant,

v.

SMITH TECHNOLOGY DEVELOPMENT, L.L.C. et al., Appellees. (Two Cases)

Haney, Appellant,

v.

Smith Technology Development, L.L.C. et al., Appellees. (Two Cases)

[Cite as *Olive Branch Holdings, L.L.C. v. Smith Technology Dev., L.L.C.*, 181 Ohio App.3d 479, 2009-Ohio-1105.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 08AP–461 and 08AP–463;  08AP–462 and 08AP–464.

Decided March 12, 2009.

480

482

Bailey Cavalieri L.L.C., Michael P. Mahoney, and Timothy A. Riedel, for appellee Olive Branch Holdings, L.L.C.

Frost Brown Todd L.L.C., Michael K. Yarbrough, Kevin T. Shook, and Elizabeth M. Norton, for appellant H. Brian Haney.

Hahn Loeser & Parks L.L.P., Stephen E. Chappelear, and Jeffrey A. Yeager, for appellee Smith Technology Development, L.L.C.

---

FRENCH, Presiding Judge.

{¶ 1} Plaintiff-appellant, H. Brian Haney, appeals from the November 15, 2007 and April 30, 2008 judgments of the Franklin County Court of Common Pleas in four consolidated cases involving attempts by Haney and plaintiff-appellee, Olive Branch Holdings, L.L.C. ("Olive Branch"), to subject certain patents owned by defendant-appellee, Smith Technology Development, L.L.C. ("Smith Technology"), to the satisfaction of money judgments against Smith Technology.

{¶ 2} On April 27, 2004, the Franklin County Court of Common Pleas confirmed an arbitration award in favor of Haney and against Smith Technology in the amount of $1,238,443.11, plus interest, and entered judgment accordingly. See *Haney v. Smith Technology Dev., L.L.C.*, Franklin Cty. C.P. No. 03CVH12–13231 (the "confirmation action"). On November 15, 2004, in the confirmation action, Haney filed a motion to apply property on execution under R.C. 2333.21 (the "R.C. 2333.21 motion"). In his motion, Haney requested an order that ten identified patents owned by Smith Technology be applied toward satisfaction of his judgment. The R.C. 2333.21 motion did not include a certificate of service as required by Civ.R. 5(D) and Loc.R. 19.01 of the Court of Common Pleas of Franklin County, General Division ("Loc.R. 19.01"), although Smith Technology admits that it became aware of Haney's motion on November 30, 2004, after receiving a copy that Haney mailed on November 23, 2004, eight days after filing his motion with the clerk of courts.

{¶ 3} Without holding a hearing, and despite the absence of a certificate of service, the trial court granted Haney's R.C. 2333.21 motion on December 7, 2004, and ordered that the patents be applied toward satisfaction of Haney's judgment. The order authorized and directed Haney's attorney, Richard D. Rogovin, to execute and deliver, "as the duly authorized representative of [Smith Technology]," instruments to effectuate the assignment of the patents to Haney or his assignee. The following week, Rogovin executed assignments of the patents from

Smith Technology to Haney's assignee, Matthew 6 Foundation ("Matthew 6"), and filed the assignments with the United States Patent and Trademark Office. The December 7, 2004 order neither assigned a value to the patents nor provided for their sale as a means of reducing Haney's judgment.

{¶ 4} On January 11, 2005, Smith Technology filed a motion to vacate the December 7, 2004 order, arguing that R.C. 2333.21 may not be used to subject a patent to satisfaction of a judgment, that Haney failed to properly invoke R.C. 2333.21, and that Haney failed to comply with the requirements of Civ.R. 5(D) and Loc.R. 19.01 by not filing a certificate of service with his motion. After conducting a hearing on January 14, 2005, the trial court vacated the December 7, 2004 order, stating: "As no certificate of service was filed with regard to [Haney's] motion, said motion was never properly before the Court." Upon stipulation of the parties, however, the court ordered that the patents remain in Matthew 6's possession and enjoined all parties from disposing of or taking any action against the patents. The court also scheduled a hearing for January 19, 2005, regarding the applicability of R.C. 2333.21 to the patents.

{¶ 5} Over the next year, Smith Technology and Haney entered into a series of agreed orders, by which the trial court continued the scheduled hearing, left the patents in Matthew 6's possession, and maintained the injunction prohibiting the parties from taking action against the patents. Each agreed order stated that it should not be construed as an admission or waiver of any claim or defense by either party. The final agreed order, filed February 2, 2006, continued the hearing regarding the proper statutory procedure for subjecting the patents to the satisfaction of Haney's judgment, including the applicability of R.C. 2333.21, to March 28, 2006, although it does not appear from the record that the scheduled hearing occurred.

{¶ 6} On January 19, 2006, during the period encompassed by the agreed orders, Olive Branch obtained a judgment against Smith Technology in the United States District Court for the Eastern District of Texas. Thereafter, on January 20 and 24, 2006, to satisfy its own judgment, Olive Branch filed actions in the Franklin County Court of Common Pleas for a creditor's bill and for a writ of execution relating to the ten patents identified in Haney's R.C. 2333.21 motion. See *Olive Branch Holdings, L.L.C. v. Smith Technology Dev., L.L.C.*, Franklin Cty. C.P. No. 06CVH01–935 (the "creditor's bill action"); *Olive Branch Holdings, L.L.C. v. Smith Technology Dev., L.L.C.*, Franklin Cty. C.P. No. 06EX01–47 (the "execution action"). On April 7, 2006, with the agreement of the parties, the trial court consolidated Olive Branch's creditor's bill and execution actions into the confirmation action.

{¶ 7} On May 3, 2006, the trial court ordered the parties to file simultaneous briefs regarding the proper procedure for subjecting the patents to satisfaction of

the judgments against Smith Technology and regarding who should hold the patents pending final determination of the parties' actions. On May 26, 2006, Haney, Smith Technology, and Olive Branch filed memoranda setting forth their positions and legal arguments.

{¶ 8} On May 16, 2007, Haney filed a creditor's bill complaint to reach an 11th patent owned by Smith Technology. See *Haney v. Smith Technology Dev., L.L.C.*, Franklin Cty. C.P. No. 07CVH05–6644. Haney also filed a motion in the consolidated action to apply the 11th patent on execution pursuant to R.C. 2333.21. On September 24, 2007, the trial court consolidated Haney's creditor's bill complaint with the other consolidated cases.

{¶ 9} On November 15, 2007, the trial court issued its decision and entry on the proper method of execution on patents and an order to transfer possession of the patents to Smith Technology. The court noted that since vacating the December 7, 2004 order, it had not made any determination as to Haney's right to the patents under R.C. 2333.21 or as to whether Matthew 6's possession of the patents conferred any ownership rights on either Matthew 6 or Haney. The court then stated: "Due to the uncertainty surrounding the valuation of the patents at bar, and upon historical precedence, the court finds that the proper method for executing patents is a creditor's bill filed pursuant to R.C. 2333.01 [and] that execution on the patents pursuant to R.C. 2333.21 and 2327.09 [is] not proper." Discussing the parties' priorities, the court determined that Olive Branch has the first and best lien on the ten originally identified patents by virtue of its January 20, 2006 creditor's bill complaint and that Haney has the first and best lien on the 11th patent by virtue of his May 15, 2007 creditor's bill complaint. The trial court rejected Haney's argument that his attempt to reach the patents through R.C. 2333.21 gave him priority, as the most diligent creditor, over Olive Branch, with respect to the first ten patents. Finally, the court ordered that the patents be transferred back to Smith Technology, as the current and rightful owner, pending final resolution of this action.

{¶ 10} Subsequent to the trial court's decision and entry, Haney filed several motions, including a motion for leave to file a creditor's bill counterclaim and cross-claim instanter and a motion for the addition of Civ.R. 54(B) language and to stay the November 15, 2007 decision and entry pending appeal. Haney also refiled his R.C. 2333.21 motion, this time with a certificate of service, and argued that the refiled motion should relate back to the filing date of his original R.C. 2333.21 motion. The trial court disposed of Haney's motions in a decision and entry filed April 30, 2008. The trial court denied Haney's motion to refile his R.C. 2333.21 motion with relation back to the original November 15, 2004 filing date and denied Haney's request that Matthew 6 be permitted to retain the patents pending appeal. The trial court granted Haney's motion for leave to file

a creditor's bill counterclaim and cross-claim with respect to the ten originally identified patents to preserve his rights on appeal and his priority as to other creditors, but the court declined to readdress the issue of priority between Haney and Olive Branch. Finally, the court granted Haney's motion for the addition of Civ.R. 54(B) language and issued a new judgment entry, incorporating a certification that "there is no just reason for delay" into its November 15, 2007 decision and entry.

{¶ 11} Haney filed a notice of appeal on May 29, 2008, and he asserts the following assignments of error:

I. Assignment of Error # 1: The trial court erred when it found that a creditor's bill is the only way to attach a patent.

II. Assignment of Error # 2: The trial court erred when it determined that * * * Haney was not the most diligent judgment creditor.

III. Assignment of Error # 3: The trial court erred when it refused to allow * * * Haney to refile his motion to apply patents on execution.

IV. Assignment of Error # 4: The trial court erred when it found the patents must be assigned back to Smith Technology.

{¶ 12} As an initial matter, we consider the argument made by Smith Technology and Olive Branch that the trial court's addition of Civ.R. 54(B) language to its November 15, 2007 decision and entry was insufficient to create a final, appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders, and if an appeal is taken from an order that is not final and appealable, the appellate court must dismiss the appeal. *Farmers Mkt. Drive–In Shopping Ctrs. v. Magana*, Franklin App. No. 06AP–532, 2007-Ohio-2653, 2007 WL 1560276, ¶ 10, citing *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.* (1996), 117 Ohio App.3d 61, 64, 689 N.E.2d 1015; *McClary v. M/I Schottenstein Homes, Inc.,* Franklin App. No. 03AP–777, 2004-Ohio-7047, 2004 WL 2980561, ¶ 15. Therefore, we must assess our jurisdiction over these appeals before considering the merits of Haney's assignments of error.

{¶ 13} A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02(B) and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. The Supreme Court of Ohio has established a two-step analysis for determining whether an order is final and appealable. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266. First, the appellate court must determine whether the order constitutes a final order. Id.; *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. To be final, an order

must fit into at least one of the categories set forth in R.C. 2505.02(B). *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. R.C. 2505.02(B) defines a final order as: "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A final order is one that disposes of the whole case or some separate and distinct branch of the case. *Noble* at 94, 540 N.E.2d 1381, citing *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127.

{¶ 14} If an order satisfies R.C. 2505.02(B), the court must then determine whether Civ.R. 54(B) language is required. *Gen. Acc. Ins. Co.* at 21, 540 N.E.2d 266. Civ.R. 54(B) provides as follows:

In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

When, as here, an order adjudicates fewer than all claims in a case, it must meet the requirements of both R.C. 2505.02(B) and Civ.R. 54(B) to be final and appealable. *Noble* at syllabus.

██ {¶ 15} It is well established that when an order is not final under R.C. 2505.02(B), the addition of Civ.R. 54(B) language will not transform it into a final, appealable order. See *R & H Trucking, Inc. v. Occidental Fire & Cas. Co. of North Carolina* (1981), 2 Ohio App.3d 269, 271, 2 OBR 298, 441 N.E.2d 816 (inclusion of Civ.R. 54[B] language did not create a final, appealable order where the trial court did not adjudicate the single claim for relief, but only limited the type of damages available). However, Civ.R. 54(B) language can transform a final order into a final, *appealable* order and permit the separation of claims for purposes of appeal, within the trial court's discretion. *Wisintainer*, 67 Ohio St.3d at 354, 617 N.E.2d 1136. See also *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 159, 3 O.O.3d 174, 359 N.E.2d 702. Because they contend that the addition of Civ.R. 54(B) language did not convert the November 15, 2007 decision and entry into a final, appealable order, appellees' argument seems to be that that entry did not constitute a final order under R.C. 2505.02(B).

{¶ 16} Appellees cite *Downtown Properties v. Meyers, Hentemann & Rea Co., L.P.A.* (Sept. 13, 2001), Cuyahoga App. No. 78192, 2001 WL 1075716, in support of their assertion that the addition of Civ.R. 54(B) language did not create a final, appealable order. In that case, Downtown Properties filed a complaint for

breach of contract, breach of lease, and recovery on account against Myers, Hentemann & Rea Co., L.P.A. ("MHR"). Key Bank National Association ("Key Bank") subsequently filed a creditor's bill against MHR to collect on a previous cognovit judgment. The trial court consolidated Key Bank's creditor's bill action with Downtown Properties' action, appointed a receiver for MHR's assets, and determined that Key Bank had priority in payment over Downtown Properties and MHR's other creditors. Although it had not determined any of Downtown Properties' claims against MHR, the trial court added Civ.R. 54(B) language to its judgment entry regarding the parties' priority. On appeal, the Eighth District concluded that it lacked jurisdiction because the addition of Civ.R. 54(B) language to the trial court's judgment entry did not convert that entry into a final, appealable order.

{¶ 17} In its opposition to Haney's request for Civ.R. 54(B) certification, Smith Technology argued that pursuant to *Downtown Properties,* Civ.R. 54(B) language cannot convert a decision regarding the priorities of competing creditors into a final, appealable order. The *Downtown Properties* holding is not as broad as Smith Technology asserts, however. The Eighth District concluded that there was no final, appealable order in *Downtown Properties,* not because the trial court's opinion decided the issue of priority, but because "[t]he claims for relief presented by the plaintiffs in this case have not been adjudicated; the trial court merely determined which party has priority in receiving payment from MHR at the conclusion of the lawsuit." Thus, no individual claim or distinct branch of that action had been decided.

{¶ 18} Like the trial court in *Downtown Properties,* 2001 WL 1075716, the trial court here issued an order establishing the parties' priorities for payment, but it also, by contrast, fully adjudicated Haney's application for relief under R.C. 2333.21. The trial court's determination that Smith Technology's patents cannot be reached via R.C. 2333.21 prevents any judgment in favor of Haney on his attempt to apply the patents on execution to satisfy his judgment. Thus, the trial court's November 15, 2007 decision and entry essentially closed the door to any relief, pursuant to R.C. 2333.21, the only affirmative relief Haney had requested with respect to the first ten patents. Therefore, *Downtown Properties* is easily distinguishable and does not preclude the existence of a final, appealable order in this case.

{¶ 19} During oral arguments, appellees agreed that Haney's R.C. 2333.21 motion had been fully and finally adjudicated as of November 15, 2007. While appellees also suggested that the trial court only considered Haney's attempt to invoke R.C. 2333.21 as a consideration in the lien contest within Olive Branch's creditor's bill complaint, the actions of the parties and the court belie that suggestion. Although the trial court vacated its December 7, 2004 order granting

Haney's R.C. 2333.21 motion, the court did not determine the ownership of the patents or the proper method for subjecting the patents to payment of a judgment against Smith Technology. Indeed, the trial court continued proceedings and scheduled a hearing in the confirmation action to determine those very issues. Moreover, the parties' agreed orders, which repeatedly continued the scheduled hearing and left the patents in Matthew 6's possession, suggest an understanding that outstanding issues remained to be determined in that case, with respect to the applicability of R.C. 2333.21. This is especially true with respect to the agreed orders filed before Olive Branch initiated its own actions, when no other proceeding was pending before the trial court. Finally, in its November 15, 2007 decision and entry, the trial court clearly considered and determined the applicability of R.C. 2333.21 as its own claim, separate and apart from the issue of priority under Olive Branch's creditor's bill action. The trial court specifically delineated its discussion of the applicability of R.C. 2333.21 from its discussion of lien priority and issued separate determinations on those distinct branches of the consolidated actions. Because the trial court's order denied the only requested relief in the confirmation action and prevented any judgment in favor of Haney under R.C. 2333.21, we conclude that the trial court's November 15, 2007 decision and entry constituted a final order under R.C. 2505.02(B).

{¶ 20} We must next determine whether the trial court's entry complied with the requirements of Civ.R. 54(B), the purpose of which is to balance the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. *Noble*, 44 Ohio St.3d at 96, 540 N.E.2d 1381. When cases are consolidated, they become "one single action subject to the requirements of Civ.R. 54(B) and R.C. 2505.02." *Gilligan v. Robinson*, Franklin App. No. 05AP–1028, 2006-Ohio-4619, 2006 WL 2575569, ¶ 41, citing *Tadmor v. Huntington Natl. Bank*, Summit App. No. 22760, 2006-Ohio-1046, 2006 WL 544516, ¶ 14. In *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304, 638 N.E.2d 1007, the Supreme Court of Ohio held that the absence of a Civ.R. 54(B) certification in an entry of summary judgment relating to fewer than all the claims and parties in two consolidated cases prevented the immediate appealability of the summary-judgment decision. Here, however, the trial court's April 30, 2008 entry incorporated a certification that there is no just reason for delay, pursuant to Civ.R. 54(B), into the November 15, 2007 decision and entry.

{¶ 21} "The phrase 'there is no just reason for delay' in Civ.R. 54(B) embodies an essential principle that a trial court must assess—whether the interest in the administration of justice permits a case to proceed to the appeal level and avoid delay where there are parties or claims outstanding." *Tadmor*, 2006-Ohio-1046, 2006 WL 544516, at ¶ 16. Whether a court certifies a judgment, pursuant to Civ.R. 54(B), is within its sound discretion. *Noble* at 97, 540 N.E.2d

1381, fn. 7. A trial court's determination that there is no just reason for delay is essentially a factual determination—"whether an interlocutory appeal is consistent with the interests of sound judicial administration, *i.e.*, whether it leads to judicial economy." *Wisintainer,* 67 Ohio St.3d at 354, 617 N.E.2d 1136. The trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings, and an appellate court must not disturb such a determination where some competent, credible evidence supports it. Id. "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." Id. at 355, 617 N.E.2d 1136. See also *Whipps v. Ryan,* Franklin App. No. 07AP–231, 2008-Ohio-1216, 2008 WL 714070, ¶ 21.

{¶ 22} In this case, the trial court did not act reflexively in certifying that there was "no just reason for delay." Rather, the court acted only after Haney moved for Civ.R. 54(B) certification and after considering the parties' arguments and the ramifications of its certification decision. The trial court understood the import of its certification and reasoned that an immediate appeal might ultimately render further proceedings in the trial court moot. Because we agree with the trial court that its decision to certify could result in judicial economy, we discern no error in the court's decision to add a Civ.R. 54(B) certification to its November 15, 2007 decision and entry. Accordingly, we conclude that these appeals are taken from a final, appealable order.

{¶ 23} Turning now to the merits of Haney's appeals, we note that Haney's arguments under his first and second assignments of error are interrelated. Therefore, we will address them together. By his first assignment of error, Haney asserts that the trial court erred by finding that a creditor's bill is the only appropriate means to subject a patent to satisfaction of a judgment. By his second assignment of error, Haney contends that the trial court erred by determining that he was not the most diligent judgment creditor and was, therefore, not entitled to priority over Olive Branch. Both assignments of error revolve around the applicability of Haney and Olive Branch's chosen procedures to subject Smith Technology's patents to the satisfaction of their judgments. Because these assignments of error involve purely legal issues, we review the trial court's resolution of those issues de novo, without deference to the trial court's conclusions. See *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949.

{¶ 24} It is undisputed that a judgment creditor may reach patents owned by a debtor as a means of satisfying its judgment. The United States Supreme Court has emphasized that the patent act, "securing a sole and exclusive

right to the patentee, [does] not exonerate the right and property thereby acquired * * * from liability to be subjected by suitable judicial proceedings to the payment of * * * debts." *Ager v. Murray* (1881), 105 U.S. 126, 128, 26 L.Ed. 942. The question remaining, however, is the nature of the "suitable judicial proceedings" by which a creditor may reach its debtor's patents to satisfy a judgment.

{¶ 25} Haney argues, first, that a creditor's bill was not a proper proceeding by which Olive Branch, as a judgment creditor, could reach Smith Technology's patents, an argument we reject. A creditor's bill is "[a]n equitable suit in which a judgment creditor seeks to reach property that cannot be reached by the process available to enforce a judgment." Black's Law Dictionary (7th Ed.1999) 376. See also *Terry v. Claypool* (1945), 77 Ohio App. 87, 92, 32 O.O. 353, 65 N.E.2d 889 (defining a creditor's bill as an equitable proceeding available "when the creditor is unable to satisfy his claim at law, either on account of insufficiency of legal assets, or other circumstances rendering legal remedies inadequate"). Simply, a creditor's bill enables a judgment creditor to secure a lien on those assets of the judgment debtor that mere execution of the judgment at law cannot reach. *Huntington Ctr. Assoc. v. Schwartz, Warren & Ramirez* (Sept. 26, 2000), Franklin App. No. 00AP–35, 2000 WL 1376524, citing *Union Properties v. Patterson* (1944), 143 Ohio St. 192, 28 O.O. 111, 54 N.E.2d 668; *Lakeshore Motor Freight v. Glenway Industries* (1981), 2 Ohio App.3d 8, 2 OBR 8, 440 N.E.2d 567, paragraph one of the syllabus.

{¶ 26} In *Ager*, 105 U.S. 126, 26 L.Ed. 942, the United States Supreme Court endorsed the use of a creditor's bill in a creditor's attempt to satisfy a monetary judgment against an individual who owned no real or personal property subject to execution at law, but who owned an interest in certain patents. The judgment creditor filed a creditor's bill, and the lower court, exercising its equity powers, ordered that the debtor's patents be sold, that the debtor execute an assignment of the patents to the purchaser, and that if the debtor failed to execute an assignment, a trustee be appointed to execute the assignment. The Supreme Court affirmed.

{¶ 27} Having concluded that patents are subject to payment of a creditor's judgment, the Supreme Court noted the difficulties "of seizing and selling a patent * * * upon an execution at law, which is ordinarily levied only upon property * * * that has itself a visible and tangible existence within the jurisdiction of the court and the precinct of the [executing] officer." *Ager* at 130–131, 26 L.Ed. 942. The Supreme Court reaffirmed its holding from *Stephens v. Cady* (1852), 55 U.S. (14 How.) 528, 531, 14 L.Ed. 528, that " 'the incorporeal right, secured by the statute to [a copyright or patent holder], * * * being intangible, and resting altogether in grant, is not the subject of seizure or sale [on

execution],—certainly not at common law.'" *Ager* at 129–130, 26 L.Ed. 942, quoting *Stephens* at 531, 14 L.Ed. 528. Thus, the Supreme Court held that a debtor's interest in patents, although property, assignable by him, cannot be taken on execution at law. Id. at 131, 26 L.Ed. 942.

{¶ 28} The court went on, however, to note that the difficulties of subjecting incorporeal property to a seizure and sale on execution at law do not attend decrees of a court of equity. Id., citing *Massie v. Watts* (1810), 10 U.S. (6 Cranch) 148, 3 L.Ed. 181. Indeed, the court stated, "it is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach and apply to the payment of his debt any property of the judgment debtor, which by reason of its nature only * * * cannot be taken on execution at law." *Ager* at 129, 26 L.Ed. 942. The court quoted from *Stephens,* " '[n]o doubt the property may be reached by a creditor's bill, * * * the court compelling a transfer and sale * * * for the benefit of creditors.'" Id. at 130, 26 L.Ed. 942, quoting *Stephens* at 531, 14 L.Ed. 528. While reaffirming the unavailability of a writ of execution at law to reach a judgment debtor's patent rights, the Supreme Court ultimately concluded that the lower court's decree was within the court's equity powers, upon a suit for a creditor's bill.

{¶ 29} Ohio courts have long recognized the availability of an equitable creditor's bill. For example, in 1855, the Supreme Court of Ohio mentioned the "well known equitable remedy" of "[a] bill to reach property not liable to legal process, and subject it to the payment of a *judgment,*" noting that such a remedy needed no statute to support it. (Emphasis sic.) *Joseph Bowry & Sons v. Odell & Bro.* (1855), 4 Ohio St. 623, 626. The remedy of a creditor's bill is now incorporated within R.C. 2333.01, which provides as follows:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

R.C. 2333.01 has been said to preserve the pre-existing equitable remedy of a creditor's bill. *Morgan Bank, N.A. v. Security–Connecticut Life Ins. Co.* (Dec. 5, 2001), Summit App. No. 20594, 2001 WL 1545657, citing *Brusman v. Susanjar* (1960), 113 Ohio App. 544, 546, 18 O.O.2d 181, 179 N.E.2d 125. While it codified a proceeding by which a creditor could obtain the relief previously available through a creditor's bill, "[i]t was not the intention of the Legislature by the enactment of section 11760, General Code [the predecessor to R.C. 2333.01], to

take away any rights that existed at common law in the nature of a creditor's bill." *Culp v. Hecht* (1932), 43 Ohio App. 430, 432, 183 N.E. 437; *Akron Chapter No. 300, Am. Ins. Union v. Read* (1927), 24 Ohio App. 192, 194, 157 N.E. 315.

{¶ 30} Despite the United States Supreme Court's statement in *Ager* at 131, 26 L.Ed. 942, that an interest in a patent is assignable property, "which cannot be taken on execution at law," and its recognition that such an interest may be reached through a creditor's bill, Haney argues that a creditor's bill was an inappropriate means of reaching Smith Technology's patents. Haney suggests that the Supreme Court's endorsement of a creditor's bill in *Ager* does not refer to the same proceedings authorized by R.C. 2333.01, which was not in effect at the time. Given the General Assembly's intent to preserve the pre-existing equitable remedy of a creditor's bill, we discern no basis for distinguishing the "creditor's bill" at issue in *Ager* from that in present-day practice in Ohio.

{¶ 31} Haney also argues that a creditor's bill is inappropriate because the patents themselves constitute personal property subject to levy upon execution, thus rendering R.C. 2333.01 inapplicable. In part, Haney argues that the patents are subject to levy on execution based on the Supreme Court's holding, in *Ager*, that a court in equity, on a creditor's bill, could order an assignment of the debtor's patents. However, unlike the equitable procedure affirmed in *Ager*, a levy on execution is a proceeding at law. See *Michigan State Industries v. Fischer Hardware Co.* (1934), 50 Ohio App. 153, 155, 2 O.O. 171, 197 N.E. 785 (levying execution provided adequate remedy at law, precluding equity jurisdiction); *Stern v. Columbus Mut. Life Ins. Co.* (1931), 39 Ohio App. 498, 500–501, 177 N.E. 923 (contrasting remedies at law, i.e., levy or execution, with equitable remedy in the nature of a creditor's bill). It is precisely that legal remedy that the *Ager* court found inapplicable to patent rights.

{¶ 32} Haney next argues that a creditor's bill applies only when the debtor's property is held by a third person. Because Smith Technology itself possessed the patents, Haney argues that he could not utilize a creditor's bill to reach them. While R.C. 2333.01 does apply to a debtor's property held by "any person," its application is not limited to property held by a third party. In *Lakeshore Motor Freight*, 2 Ohio App.3d 8, 2 OBR 8, 440 N.E.2d 567, the court held that a judgment creditor could reach a debtor's pending breach-of-contract action against a third party only through a creditor's bill under R.C. 2333.01. Although the court held that the creditor's bill did not extend to the right to prosecute the breach-of-contract action, it subjected the anticipated proceeds of the action to an equitable lien. There, the debtor, and not a third party, held the chose in action and the equitable interest in the proceeds of that action. While Haney attempts to distinguish *Lakeshore Motor Freight*, arguing that the debtor there, unlike Smith Technology, had no personal property from which the creditor's judgment

could be satisfied, this court has stated that a chose in action is, itself, personal property. *Grothaus v. Warner*, Franklin App. No. 08AP–115, 2008-Ohio-5563, 2008 WL 4712816, ¶ 20, citing *Burns v. Daily* (1996), 114 Ohio App.3d 693, 704, 683 N.E.2d 1164. Thus, like Smith Technology, the debtor possessed personal property, albeit intangible property, subject to a creditor's bill. *Lakeshore Motor Freight* does not stand for Haney's proposition, nor do we find other authority for the proposition, that a creditor's bill is inapplicable when a debtor, himself, is in possession of the subject property or equitable interest.

{¶ 33} For the foregoing reasons, we find that a creditor's bill is an appropriate method by which a judgment creditor may subject its debtor's rights in a patent to satisfaction of a judgment. Here, Olive Branch commenced its creditor's bill action by filing a complaint on January 20, 2006, and perfecting service of process on the named defendants. Upon commencement of a creditor's bill, the judgment creditor not only acquires a lien on the debtor's equitable assets, but also achieves priority over creditors of the judgment debtor without specific liens upon the debtor's interest in the property. *Morgan Bank*, 2001 WL 1545657; *Huntington Ctr. Assoc. v. Schwartz* (Sept. 26, 2000), Franklin App. No. 00AP–35, 2000 WL 1376524. Accordingly, upon the proper commencement of its creditor's bill action, Olive Branch obtained a lien upon the ten patents identified in its complaint.

{¶ 34} While we conclude that a creditor's bill is an appropriate means of collecting on a monetary judgment by reaching patents owned by a judgment debtor, it does not necessarily follow that a creditor's bill is the *exclusive* means for doing so. Thus, we must also assess Haney's attempt to reach the patents in November 2004 through his R.C. 2333.21 motion. R.C. Chapter 2333, entitled "Proceedings in Aid of Execution," sets forth the following four methods of enforcing a judgment: (1) an action in the nature of a creditor's bill, pursuant to R.C. 2333.01, (2) a garnishment proceeding on affidavit and notice, limited to certain judgments against a railroad company, pursuant to R.C. 2333.02 through 2333.08, (3) proceedings for the examination of the debtor, pursuant to R.C. 2333.09 through 2333.27, and (4) attachment of the debtor upon a judgment not for the recovery of money or real property, pursuant to R.C. 2333.28. At least one Ohio court has described R.C. Chapter 2333, in its entirety, as "governing a creditor's proceeding in equity to satisfy a judgment." *Russ Fin. v. Greenberg* (Apr. 23, 1976), Erie App. No. 3–75–38, 1976 WL 188313.

{¶ 35} Haney maintains that R.C. 2333.21 provides, at least, an alternative to a creditor's bill for subjecting Smith Technology's patents to the satisfaction of its judgment. R.C. 2333.21, which is contained within the statutory procedures for examination of a debtor, provides as follows:

The judge may order any property of the judgment debtor that is not exempt by law to be applied toward the satisfaction of the judgment, but the earnings of the judgment debtor for personal services shall be applied only in accordance with sections 2329.66 and 2329.70 and Chapter 2716. of the Revised Code.

Haney argues that R.C. 2333.21 applied because the patents constitute "any property" and are "not exempt by law." Ultimately, we need not decide whether R.C. 2333.21 provides a valid, alternative method for subjecting Smith Technology's patents to the satisfaction of Haney's judgment, because Haney did not properly invoke the remedy provided by that section.

{¶ 36} R.C. 2333.21 appears within the debtor-examination provisions, which begin with R.C. 2333.09. Pursuant to R.C. 2333.09, "[a] judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part." An order under R.C. 2333.09 may be issued by a probate judge, a judge of the court of common pleas of the county in which the judgment was rendered or in which the debtor resides, or a duly appointed referee. R.C. 2333.10 similarly provides as follows:

On proof by the affidavit of the judgment creditor, or otherwise, to the satisfaction of a judge of the court of common pleas, or a probate judge, of the county in which the debtor is found, that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge, by order, may require the debtor to appear at a time and place in such county to answer concerning it. Such proceedings thereupon may be had for the application of the property of the debtor toward the satisfaction of the judgment, as are prescribed by sections 2333.09 to 2333.27, inclusive, of the Revised Code.

An "order requiring a judgment debtor to appear and submit to the examination provided for by sections 2333.09 to 2333.27 of the Revised Code, shall be in writing, signed by the judge who makes it, and served as a summons." R.C. 2333.25.

{¶ 37} Olive Branch and Smith Technology argue that Haney did not properly invoke proceedings for an order pursuant to R.C. 2333.21. They maintain that R.C. 2333.09 through 2333.27 operate as a discrete and unified method for subjecting a judgment debtor's property to enforcement of a judgment. Thus, they argue that a judgment creditor must obtain a court order, which must be served as a summons, requiring the debtor to appear and answer concerning his property as an absolute prerequisite to any order under R.C. 2333.21.

{¶ 38} Haney, on the other hand, argues that he was not required to initiate proceedings for a judgment-debtor examination before moving for an order under

R.C. 2333.21 when, as here, he was aware of specific property owned by the debtor. Haney contends that although R.C. 2333.09 entitles a judgment creditor to an order for the examination of a judgment debtor, a judgment-debtor examination is permissive, not mandatory. Haney is correct that a judgment-debtor examination is permissive in the broad context of enforcing a judgment. Nevertheless, when a judgment creditor elects to take advantage of the proceedings in aid of execution set forth in R.C. 2333.09 through 2333.27, which expressly provide for examination of the debtor, the judgment creditor may not simply move for an order that property be applied on execution and ignore the other relevant statutory requirements.

{¶ 39} The language of the statutory provisions within R.C. 2333.09 through 2333.27 confirms that the provisions set forth a unified proceeding in aid of execution. Describing the requirements of a written order of examination and the requirements for service thereof, R.C. 2333.25 explicitly describes R.C. 2333.09 through 2333.27, inclusive, as providing for a judgment-debtor examination. This is consistent with the subtitle of R.C. Chapter 2333 applicable to those sections, "BY EXAMINATION OF DEBTOR." Further, R.C. 2333.10 provides that after a debtor has been ordered to appear and answer concerning his property, "[s]uch proceedings *thereupon* may be had for the application of the property of the debtor toward the satisfaction of the judgment." (Emphasis added.) Additionally, the reference in R.C. 2333.21 to "[t]he judge" suggests the prior initiation of an action and refers back to the procedures established by R.C. 2333.09 and 2333.10, which specify the judges and courts that may conduct proceedings in aid of execution by examination of the debtor.

{¶ 40} The Supreme Court of Ohio has directed courts to read statutes relating to the same subject matter together, in an attempt to arrive at a reasonable construction, giving proper force and effect to each statute. *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 20. While Haney argues that a judgment-debtor examination is unnecessary when the creditor is aware of the debtor's property, R.C. 2333.10 provides for a judgment-debtor examination in just this circumstance, when "the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment." Indeed, were a judgment creditor permitted to simply file a motion under R.C. 2333.21, without first obtaining a judgment-debtor examination and without serving the judgment debtor as provided in R.C. 2333.25, on the basis that the judgment debtor has property that he unjustly refuses to apply toward satisfaction of the judgment, R.C. 2333.10 would be rendered practically meaningless.

{¶ 41} Here, Haney did not obtain an order for examination of Smith Technology pursuant to R.C. 2333.09 or 2333.10. Instead, he simply filed a motion to

apply Smith Technology's patents toward satisfaction of his judgment and demanded the absolute and immediate transfer of the patents from Smith Technology to Haney. Smith Technology was not served in the manner prescribed for service of a summons with either Haney's motion or with a court order directing it to appear and answer concerning its property. Based on Haney's failure to obtain a written order for a judgment-debtor examination and to serve that order upon Smith Technology, we conclude that even if R.C. 2333.21 could be utilized to apply Smith Technology's patents toward satisfaction of a judgment, Haney did not properly invoke that remedy.

{¶ 42} We now turn to the trial court's determination that Olive Branch has priority over Haney with respect to the ten patents identified in both Haney's R.C. 2333.21 motion and Olive Branch's creditor's bill complaint. The trial court concluded that Olive Branch obtained a valid lien on the patents by the filing of its creditor's bill complaint in January 2006 and also obtained priority over other creditors who had not previously acquired a lien over the assets in question. The trial court further concluded that although Haney had previously attempted to initiate proceedings, pursuant to R.C. 2333.21, he failed to correct a fatal defect in his motion prior to Olive Branch's perfection of its lien. The court stated that "[a] creditor, even if acting first in time, is not excused from complying with due process and statutory requirements." Therefore, the court determined that Olive Branch was the first judgment creditor to properly obtain a lien on the patents.

{¶ 43} On appeal, Haney maintains that he is entitled to priority over Olive Branch's lien because he acted first with respect to the patents. Haney asserts that the filing of his R.C. 2333.21 motion placed a lien on the patents in his favor, fixed the status of all judgment creditors, and prevented Olive Branch, by its subsequent creditor's bill action, from gaining priority with respect to the patents. To the contrary, Olive Branch argues that Haney's failed attempt to invoke the procedures set forth in R.C. 2333.09 through 2333.27 created no lien on the patents at all. It maintains that neither Haney's R.C. 2333.21 motion, the trial court's December 7, 2004 order, which the court subsequently vacated, nor the assignment of the patents from Smith Technology to Matthew 6 by Haney's counsel, provided Haney with a lien on the patents.

{¶ 44} Haney relies on *Cowen v. Wassman* (1939), 64 Ohio App. 84, 92, 17 O.O. 408, 28 N.E.2d 201, for the proposition that the most diligent creditor is awarded first priority. There, the Supreme Court of Ohio quoted *Brazee v. Lancaster Bank* (1846), 14 Ohio 318, 320, 321, as follows:

"Now it will be observed, as to these judgment liens, they are equal in extent. They attach to the entire land, or to the entire interest of the judgment debtor in the land. They [the competing judgment liens] are all of equal validity, and the only question in regard to them is as to priority. In

every other respect they are equal, and there is no injustice, no impropriety in giving the preference to that creditor who is the most diligent in the pursuit of his remedy."

*Cowen,* however, is inapposite because, here, the court was not faced with judgment liens of equal validity.

{¶ 45} We discern no merit in Haney's argument that he is the most diligent judgment creditor and is, therefore, entitled to priority over Olive Branch. Liens may be created only by agreement or by a fixed rule of law. *Great Am. Ins. Co. v. Thompson Trust,* Hamilton App. No. C–040127, 2006-Ohio-304, 2006 WL 199751, ¶ 13, fn. 5. While it is undisputed that Haney was the first party to attempt to reach Smith Technology's patents, Haney's misguided attempts left him without a lien on the patents when Olive Branch filed its creditor's bill action.

{¶ 46} If, as appellees argue, R.C. 2333.21 is inapplicable to reach Smith Technology's patents, Haney's attempt to utilize that statute would not have created a lien upon which Haney could claim priority. See *In re Estate of Mason,* 109 Ohio St.3d 532, 2006-Ohio-3256, 849 N.E.2d 998. Moreover, even if R.C. 2333.21 may be used to reach a debtor's patents to satisfy a judgment, Haney's actions did not a create a lien in his favor when he failed to invoke the proceedings in aid of execution under that statute. Rather than obtaining an order for Smith Technology to appear and answer concerning its property, and serving that order on Smith Technology as a summons, Haney simply filed a motion requesting that the court immediately and absolutely transfer the debtor's property to him. Contrary to Haney's assertion, such an action neither commenced a proceeding levying upon the patents nor demonstrated Haney's diligence as a judgment creditor. Haney's actions, in complete disregard of the statutory requirements under R.C. 2333.09 through 2333.27, did not give rise to a lien in his favor.

{¶ 47} Although Haney was aware, from early January 2005, of Smith Technology's arguments regarding the invalidity of his attempt to reach the patents, and despite the trial court's January 7, 2005 finding that his R.C. 2333.21 motion was fatally flawed, Haney took no further action to protect himself against claims of other creditors. The agreed orders between Haney and Smith Technology expressly reserved all defenses to Haney's purported action and did not preclude Haney from either filing a creditor's bill action or otherwise correcting the fatal defects in his attempt to invoke R.C. 2333.21. Neither the fact that Haney recorded his interest in the patents with the United States Patent and Trademark Office, pursuant to a subsequently vacated judgment entry, nor the parties' agreed orders providing that the patents remain in Matthew 6's possession, demonstrates the existence of a lien in favor of Haney.

{¶ 48} For the foregoing reasons, we overrule Haney's first and second assignments of error. Because Haney failed to properly invoke the proceedings in aid of execution set forth at R.C. 2333.09 through 2333.27, we need not decide whether those proceedings provide an alternative method by which a judgment creditor may apply a debtor's patent toward satisfaction of a judgment. Ultimately, we conclude that the trial court correctly determined that Olive Branch has the first and best lien on the ten patents identified in Olive Branch's creditor's bill complaint. Accordingly, we proceed to Haney's remaining two assignments of error.

{¶ 49} By his third assignment of error, Haney contends that the trial court erred in denying his refiled R.C. 2333.21 motion with relation back to November 15, 2004. On December 10, 2007, after the trial court issued its decision regarding the applicability of R.C. 2333.21 and the parties' respective priorities, Haney filed a refiled motion to apply property on execution under R.C. 2333.21, substantively identical to his November 15, 2004 motion. The refiled motion contains a certificate of service, and Haney claimed, with no supporting authority, that the motion related back to November 15, 2004. On April 30, 2008, the trial court rejected Haney's proposition that the refiled motion related back to November 15, 2004. Based on our determination that Haney failed to properly commence proceedings in aid of execution specified in R.C. 2333.09 through 2333.27, the failure of Haney's attempt to reach the patents extends far beyond the absence of a certificate of service, and any refiled motion would have been a futile act. Accordingly, we discern no error in the trial court's denial of the refiled motion, and we overrule Haney's third assignment of error.

{¶ 50} By his fourth and final assignment of error, Haney contends that the trial court erred by denying his motion to stay the November 15, 2007 order to transfer the patents back to Smith Technology. Haney's contention is premised on his belief that he was entitled to a first lien on the patents and that he was, therefore, entitled to preserve his interest in the patents during the course of these appeals. Haney has no legal basis for retaining the patents, given the trial court's vacation of the judgment entry upon which the transfer was premised. Upon the proper vacation of that judgment entry, there remained no basis for the assignment of the patents to Matthew 6. Having rejected Haney's contention as to his lien priority, we find no error in the trial court's refusal to permit Matthew 6 to retain possession of the patents pending appeal. Accordingly, we overrule Haney's fourth assignment of error.

{¶ 51} In conclusion, we overrule Haney's four assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.

Judgments affirmed.

KLATT and MCGRATH, JJ., concur.