[Cite as *Pankey v. Court of Common Pleas*, 2011-Ohio-4258.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BENJAMIN R. PANKEY, | ) | |
| | ) | CASE NO. 11 MA 29 |
| RELATOR, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| COURT OF COMMON PLEAS, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |


CHARACTER OF PROCEEDINGS:      Petition for Writ of Mandamus


JUDGMENT:      Petition Denied.


APPEARANCES:
For Relator:      Benjamin R. Pankey, Pro-se
6476 Poplar Avenue
Hubbard, OH  44425


For Respondent:      Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Asst. Prosecuting Attorney
21 W. Boardman Street, 6th Floor
Youngstown, OH  44503


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated: August 9, 2011

[Cite as *Pankey v. Court of Common Pleas*, 2011-Ohio-4258.]

PER CURIAM:

{¶1} Relator Benjamin R. Pankey has filed a petition for writ of mandamus with this Court, seeking to compel Respondent Mahoning County Common Pleas Court to rule on Pankey's October 4, 2010 Motion for Declaratory Judgment concerning his duties as a sex offender pursuant to R.C. 2950. Respondent filed a combined answer and motion for judgment on the pleadings on March 30, 2011. Because Pankey has an adequate remedy in the ordinary course of law, we deny the writ.

{¶2} In 1973, Pankey was convicted of one count of rape and one count of armed robbery. On April 16, 1973, he was sentenced to a term of 3 to 20 years for the rape charge and 10 to 25 years on the robbery charge, to be served consecutively. See *State v. Pankey* (Aug. 27, 1980), 7th Dist. No. 80 CA 19. Pankey was subsequently released from prison. In 2006, following a home visit from his parole officer, Pankey was convicted of possession of cocaine, and sentenced to four years in prison. See *State v. Pankey*, 7th Dist. No. 07 MA 2, 2008-Ohio-3091.

{¶3} On November 30, 2007, the Ohio Attorney General's office sent Pankey a letter notifying him that pursuant to the Ohio's Adam Walsh Act (AWA), he would be classified as a Tier III sex offender as of January 1, 2008. The letter further explained Pankey's corresponding duties as a sex offender of that tier. Apparently, Pankey had never been classified as a sex offender prior to this. He challenged his classification to the trial court via Case No. 08 CV 429. That case, along with other similar ones pending within the trial court were held in suspense pending a conclusive ruling from the Ohio Supreme Court regarding the constitutionality and application of the AWA. [1]

{¶4} Pankey has attached to his mandamus petition an October 4, 2010, "Notice of Registration Duties of Sexually Oriented Offender or Child-Victim Offender," which states that Pankey had been "adjudicated" a "(Pre AWA) Sexually-Oriented Offender - for a period of 10 years with verification on each anniversary of the initial registration." It was

---

[1] We note that the Ohio Supreme Court has very recently ruled that "2007 Am.Sub.S.B. No. 10 [otherwise known as Ohio's AWA], as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, Slip Opinion No. 2011-Ohio-3374, at syllabus.

signed by Pankey and an agent of the Mahoning County Sheriff's Office, and directed Pankey to begin reporting to the county of his expected residence, i.e., Trumbull, but bears no case number and does not appear to have been journalized in any court proceeding.

{¶5} On October 4, 2010, Pankey filed a Motion for Declaratory Judgment in the Mahoning Common Pleas Court (Case No. 10 CV 3766) asking that the court declare he was not subject to *any* sex offender notification or registration requirements, under the AWA, *or* under earlier statutory schemes, because his sentence for the rape charge had "expired" when Ohio's first sex offender registration and notification (SORN) law took effect in 1997.

{¶6} On February 11, 2011, Pankey filed a mandamus petition with this Court, asking that we order the Common Pleas Court to rule on his declaratory judgment motion. As of the date he filed this mandamus petition, the State had not filed an answer in the declaratory judgment case. Pankey asserts that because the Common Pleas Court has not ruled on his declaratory judgment motion, this Court should grant a writ compelling it to do so.

{¶7} In order to be entitled to a writ of mandamus a relator must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639. The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, 656 N.E.2d 332.

{¶8} Subsequent to Pankey's Petition for Writ of Mandamus, he filed a motion for default judgment in the declaratory judgment case. The docket in that case, of which we take judicial notice pursuant to Evid.R. 201(B), also reveals that the matter has proceeded from there, with the State ultimately filing a motion to dismiss and/or motion for judgment on the pleadings on June 15, 2011, and Pankey responding on June 20, 2011.

{¶9} At the time he filed this mandamus petition, Pankey had an adequate remedy at law, which was to file a motion for default judgment. See *State ex rel. Daniels* (June 19, 2001), 8th Dist. No. 79718. And in fact, Pankey subsequently availed himself

of that remedy.

{¶10} Accordingly, the petition is denied. Costs taxed against Relator. Final Order. Clerk to serve notice pursuant to the Civil Rules.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Vukovich, J. concurs.