[Cite as *Straight v. Levy*, 2018-Ohio-2906.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Woods Cove III, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-340 |
| v. | : | (C.P.C. No. 14CV-2759) |
| Harriet Straight, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Robert K. Levy et al., | : | |
| Defendants-Appellees. | : | |

# D E C I S I O N

## Rendered on July 24, 2018

**On brief**: *Moore & Yaklevich*, **and** *John A. Yaklevich*, **for** appellant. **Argued**: *John A. Yaklevich.*

**On brief**: *Lane Alton & Horst LLC*, *Dennis J. Morrison*, *Jeffrey J. Madison*, **and** *Christopher B. Burch*, **for appellee** PNC Bank National Association. **Argued**: *Christopher B. Burch.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Harriet Straight, defendant-appellant, appeals from the following four judgments of the Franklin County Court of Common Pleas: (1) a March 30, 2017 decision and entry granting in part the February 16, 2017 amended motion for relief from judgment filed by PNC Bank National Association ("PNC"), and denying appellant's February 13, 2017 motion to intervene, (2) an April 11, 2017 amended judgment entry and decree of foreclosure, (3) an April 18, 2017 amended judgment entry confirming sale and

ordering deed and distribution, and (4) an April 26, 2017 order and judgment entry granting PNC's motion for an order instructing the clerk of courts to release funds.

{¶ 2}   On March 13, 2014, Woods Cove III, LLC ("Woods Cove"), the holder of two tax lien certificates, filed a complaint in foreclosure in the trial court on certain property, namely, 225 Fairway Boulevard, Columbus, Ohio 43213, owned by Robert K. Levy, defendant-appellee. The complaint also named as defendants the Franklin County Treasurer, Ohio Department of Taxation, the Internal Revenue Service, PNC, and any unknown spouse of Levy. PNC was the holder of two mortgages on the property, but Woods Cove omitted one of the mortgages from its pleadings. Woods Cove served the complaint on a local branch of PNC. PNC did not respond to the foreclosure complaint. On May 21, 2015, the trial court issued a judgment entry and decree of foreclosure, in which it found PNC was in default of answer.

{¶ 3}   On April 27, 2016, appellant obtained a money judgment against Levy, as well as others, in an unrelated complaint-on-cognovit-note action. On May 11, 2016, appellant obtained a certificate of judgment lien against Levy in that case.

{¶ 4}   On October 7, 2016, the property was sold at sheriff's sale.

{¶ 5}   On November 10, 2016, appellant filed a complaint for a creditor's bill against Levy to enforce her judgment against any net foreclosure sale proceeds in the present case. In the creditor's bill action, appellant and Levy entered into an agreed order on November 18, 2016, in which Levy agreed to an order that commanded the clerk of courts to hold the net foreclosure proceeds pending orders from that court. On November 29, 2016, the trial court entered the same agreed order as an order of the court.

{¶ 6}   The sale of the subject property was confirmed on November 22, 2016. However, PNC's unknown lien was not released on the sale of the property. Woods Cove was paid from the proceeds of the sale. There remained proceeds from the sale, and the clerk of courts held those pending further orders of the court.

{¶ 7}   On November 25, 2016, appellant filed a motion for leave to intervene, seeking to obtain satisfaction of the money judgment from the excess sale proceeds held by the clerk of courts in the foreclosure action.

{¶ 8}   On December 16, 2016, the IRS filed a motion requesting distribution of funds from the clerk of courts and the trial court subsequently granted the motion.

{¶ 9} On January 5, 2017, the trial court denied appellant's motion to intervene.

{¶ 10} On February 3, 2017, PNC filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), seeking to set aside the default judgment and claim the excess proceeds based on its two mortgages. PNC then filed a motion to distribute funds held by the clerk of courts.

{¶ 11} On February 13, 2017, appellant filed a second motion to intervene. On February 16, 2017, PNC filed an amended Civ.R. 60(B) motion for relief from judgment regarding the May 21, 2015 default judgment.

{¶ 12} On March 30, 2017, the trial court denied appellant's second motion to intervene finding the doctrine of lis pendens prevented appellant from obtaining an interest in the property after the foreclosure complaint was filed March 13, 2014. The trial court also granted PNC's Civ.R. 60(B) motion.

{¶ 13} On April 11, 2017, the court issued an amended decree of foreclosure and, on April 18, 2017, the court issued an amended confirmation of sale. On April 26, 2017, the trial court instructed the clerk of courts to release $62,726.47 of the sale proceeds to PNC. Appellant appeals the following four judgments of the trial court: (1) the March 30, 2017 decision and entry granting in part PNC's February 16, 2017 amended motion for relief from judgment, and denying appellant's February 13, 2017 motion to intervene, (2) the April 11, 2017 amended judgment entry and decree of foreclosure, (3) the April 18, 2017 amended judgment entry confirming sale and ordering deed and distribution, and (4) the April 26, 2017 order and judgment entry granting PNC's motion for an order instructing the clerk of courts to release funds. Appellant asserts the following assignment of error:

> THE TRIAL COURT ERRED IN ITS DECISIONS DENYING APPELLANT'S FEBRUARY 13, 2017 MOTION FOR LEAVE TO INTERVENE, SUSTAINING APPELLEE PNC BANK'S RULE 60(B) MOTION, AND ORDERING DISTRIBUTION OF THE CLERK'S OFFICE FUNDS TO APPELLEE PNC BANK.

{¶ 14} In her single assignment of error, appellant argues the trial court erred when it denied appellant's motion for leave to intervene in order to dispute PNC's Civ.R. 60(B) motion, sustained PNC's Civ.R. 60(B) motion, and ordered distribution of the remaining foreclosure sale proceeds to PNC. Appellant claims she held a first and best lien

on the property. Because we find the trial court did not err in its March 30, 2017 judgment when it denied appellant's second motion to intervene, and this determination is dispositive of the entire appeal, we address that judgment first.

{¶ 15} Civ.R. 24(A) provides, in pertinent part:

> Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 16} Appellate courts review a decision granting or denying a motion to intervene for an abuse of discretion. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, ¶ 21.

{¶ 17} Here, in denying appellant's motion to intervene, the trial court found in its March 30, 2017 judgment:

> [Appellant] has absolutely no grounds upon which to challenge PNC's motion. As evidenced by [appellant's] previous motion, she did not obtain her judgment against Mr. Levy until April 27, 2016. This is well after the filing of the present case and the Court's May 21, 2015 final judgment entry. At the time this action was filed *Lis Pendens* attached to the property, which prevented any further liens from being placed upon it. Due to this, [appellant] has no greater rights to the excess proceeds of the sale of the property than Mr. Levy has. Mr. Levy is far behind PNC in line for the excess sale proceeds. * * * Just because [appellant] has a judgment against Mr. Levy, that does not mean she has any rights in this action.
>
> This brings the Court to [appellant's] Motion to Intervene. While the Court sympathizes with [appellant's] situation, she is just an unsecured creditor. When all is said and done, she has no lien on the property that is the subject of this matter and has no claim to the excess proceeds from its sale.

{¶ 18} Ohio's lis pendens statute provides as follows: "When a complaint is filed, the action is pending so as to charge a third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as

against the plaintiff's title." R.C. 2703.26. "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, ¶ 16 (8th Dist.). While the doctrine does not prevent persons from transacting an interest in the property during the pending lawsuit, it "places any such conveyed interest at risk and notifies the parties that they 'are bound by the decree and sale thereunder.' " *Id.*, quoting *Gaul v. Burks Dev. Corp.*, 8th Dist. No. 70713 (Jan. 30, 1997). Thus, one who acquires an interest in the property during the pending lawsuit "takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset." *Cook v. Mozer*, 108 Ohio St. 30, 36 (1923). "The general intent and effect of the doctrine of lis pendens is to charge third persons with notice of the pendency of an action, and to make any interest acquired by such third persons subject to the outcome and judgment or decree of the pending lawsuit." *Bank of New York v. Barclay*, 10th Dist. No. 03AP-844, 2004-Ohio-1217, ¶ 10. Lis pendens "maintain[s] the status quo of rights and interests in property involved in litigation, not only as between the parties thereto but as to third parties having conflicting interests, until the action pending has been finally adjudicated." *Mozer* at syllabus.

{¶ 19} However, we need not determine whether lis pendens applies to this case, as the court relied on. Instead, we focus on appellant's argument on appeal. In her appellate brief, appellant's entire argument is based on the creditor's bill action she filed on November 10, 2016. "[A] creditor's bill is an action in equity by which a judgment creditor seeks to subject an interest of the judgment debtor that cannot be reached on execution to the payment of the creditor's existing judgment." *In re Estate of Mason*, 109 Ohio St.3d 532, 2006-Ohio-3256, ¶ 18; *Olive Branch Holdings v. Smith Technology Dev., LLC*, 181 Ohio App.3d 479, 2009-Ohio-1105, ¶ 25 (10th Dist.) (explaining that a creditor's bill enables a judgment creditor to secure a lien on those assets of the judgment debtor that mere execution of the judgment at law cannot reach). The creditor's bill action originated as a common-law remedy, but was codified into the creditor's bill statute, R.C. 2333.01, which provides:

> When a judgment debtor does not have sufficient personal or
> real property subject to levy on execution to satisfy the

judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

{¶ 20} Under this statute, a judgment creditor must prove three elements to succeed in a creditor's bill action: (1) the existence of a valid judgment against the debtor, (2) the existence of an interest of the type enumerated in the statute, and (3) the debtor's lack of sufficient personal or real property to satisfy the judgment. *Waterfield Fin. Corp. v. Gilmer*, 10th Dist. No. 04AP-252, 2005-Ohio-1004, ¶ 29; *Huntington Ctr. Assocs. v. Schwartz, Warren & Ramirez, L.L.C.*, 10th Dist. No. 00AP-35 (Sept. 26, 2000).

{¶ 21} In the present case, appellant asserts on appeal that she is entitled to the funds being held by the clerk of courts because she secured a first and best lien on those funds via her November 10, 2016 creditor's bill action after PNC's mortgages were terminated and cancelled by default judgment on May 21, 2015. Appellant claims her November 10, 2016 creditor's bill complaint acted as a judgment lien against the funds as of the time of filing. She contends her lien took priority over creditors without specific liens on the property as of that time, and PNC had no lien on the property as of the date of her creditor's bill action. She argues she was entitled to intervene in the foreclosure action because the funds being held by the clerk of courts in that action were subject to her creditor's bill lien.

{¶ 22} We must reject appellant's claim that she was entitled to intervene because she has priority over PNC's liens based on her creditor's bill action. In reviewing appellant's appeal, this court examined the pleadings filed in the creditor's bill action and discovered there have been subsequent pleadings filed in that action since the time of the filing of this appeal and oral arguments. We invoke the principle of judicial notice. Pursuant to Evid.R. 201(B), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A court may take judicial notice, whether

requested or not. Evid.R. 201(C). The Supreme Court of Ohio has found that a court may sua sponte take judicial notice of certain relevant facts. *Disciplinary Counsel v. Sargeant*, 118 Ohio St.3d 322, 2008-Ohio-2330, ¶ 22; *Pankey v. Court of Common Pleas*, 7th Dist. No. 11 MA 29, 2011-Ohio-4258 (taking judicial notice of docket entries of subsequent filings in a common pleas declaratory judgment action, which was the subject of a mandamus action before the court of appeals). " ' "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." ' " *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20, quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992), quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991).

{¶ 23} We take judicial notice of appellant's filing in her creditor's bill action of a November 10, 2017 notice of dismissal of her action pursuant to Civ.R. 41(A). Appellant's dismissal of her creditor's bill action completely undermines her argument on appeal as to why she is entitled to intervene in the foreclosure action. As explained above, appellant relies solely on the creditor's bill action to claim she was entitled to intervene because she had priority over PNC. She has now dismissed that action, and no final judgment on the merits was ever rendered in that case. Therefore, she can no longer rely on that action as the alleged source of her priority over the funds being held by the clerk of courts. For this reason, we must reject appellant's argument that she was entitled to intervene because her creditor's bill action gave her priority over PNC.

{¶ 24} Given our determination that appellant has no basis to intervene in this case as a consequence of her dismissal of her creditor's bill action, we do not address appellant's arguments relating to the trial court's granting of PNC's motion for relief from judgment, the amended judgment entry and decree of foreclosure, amended judgment entry confirming sale and ordering deed and distribution, and order and judgment entry granting PNC's motion for an order instructing the clerk of courts to release funds. Having been properly denied intervention, appellant was not a party to the action and had no standing to contest any of these orders. Furthermore, as the Supreme Court and this court have found, a non-party who seeks intervention under Civ.R. 24 and is denied intervention may appeal only the issue of intervention. *N.G.* at ¶ 28, citing *State ex rel.*

*Sawicki v. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 18 ("[i]t is well settled that 'an appeal from the denial of a motion to intervene is limited solely to the issue of intervention' "), quoting *State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 33; *Tomrob, Inc. v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. No. 71593 (Sept. 11, 1997) (appeal from denial of a motion to intervene is limited solely to the issue of intervention, not the merits of the underlying appeal), and *Fouche v. Denihan*, 66 Ohio App.3d 120, 126 (10th Dist.1990). As a non-party, appellant lacks standing to challenge the trial court's determination on the merits. For all of the foregoing reasons, we overrule appellant's single assignment of error.

{¶ 25} Accordingly, appellant's single assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____